# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

April 8, 2014

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**JEREMIAH J. HARLESS,**
**Claimant Below, Petitioner**

**vs.)    No. 12-1155** (BOR Appeal No. 2046930)
(Claim No. 2011004363)

**INR-WV OPERATING, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Jeremiah J. Harless, by John C. Blair, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. INR-WV Operating, LLC, by Robert J. Busse, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated August 31, 2012, in which the Board reversed a January 25, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's June 30, 2011, decision denying authorization for a total right knee replacement. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds that the Board of Review's decision is based upon a material misstatement or mischaracterization of the evidentiary record. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion.

Mr. Harless worked for INR-WV Operating, LLC as a mechanic. On July 29, 2010, Mr. Harless injured his right knee when he stepped down off a piece of heavy equipment. The initial x-rays of his knee showed no definite acute traumatic bony changes. The claims administrator held the claim compensable for a sprain of the right knee. An MRI scan was then performed on Mr. Harless's knee which showed osteochondral changes of the medial femoral condyle with mild degenerative changes between the femur and tibia at the medial compartment. Mr. Harless

1

then came under the care of Stanley S. Tao, M.D., who diagnosed him with osteoarthritis and a sprain of the knee. Dr. Tao then performed a right knee arthroscopy. Following the procedure, Dr. Tao noted that Mr. Harless had prior knee problems dating back to 1994. Dr. Tao, however, determined that Mr. Harless was asymptomatic for knee pain until July 29, 2010, at which time he suffered an exacerbation of symptoms. Jerry Scott, M.D., then performed an independent medical evaluation of Mr. Harless and found that he had reached his maximum degree of medical improvement. Dr. Scott conceded that Mr. Harless had pre-existing degenerative meniscus tear which may have been aggravated by the compensable injury. Dr. Scott, however, found that the majority of Mr. Harless's pathology was degenerative in nature. Dr. Scott also believed that any additional medication or surgery would likely be related to his degenerative disease. James Dauphin, M.D., and Rebecca Thaxton, M.D., found that Dr. Tao's request for right knee arthroplasty was related to Mr. Harless's underlying knee disease and not the compensable injury. On June 30, 2011, the claims administrator denied Dr. Tao's request for the surgery stating that it was unrelated to the compensable injury. On January 25, 2012, the Office of Judges reversed the claims administrator's decision and authorized the surgery. The Board of Review then reversed the Order of the Office of Judges on August 31, 2012, and reinstated the claims administrator's decision, leading Mr. Harless to appeal.

The Office of Judges concluded that the record established a credible preponderant evidentiary foundation warranting the conclusion that the request of Dr. Tao for right knee arthroplasty constituted reasonable medical treatment for the compensable July 29, 2010, injury. In making this determination, the Office of Judges relied on the treatment notes of Dr. Tao. The Office of Judges found that Dr. Tao specifically addressed the relevant issue of the case. The Office of Judges also found that Dr. Tao opined that Mr. Harless was asymptomatic prior to his compensable injury and that the compensable injury worsened his condition. The Office of Judges determined that the right knee arthroplasty was reasonable medical treatment related to the compensable injury. The Office of Judges also considered the reports of Dr. Dauphin, Dr. Scott, and Dr. Thaxton, but it found that each doctor failed to address the relevant issue of whether Mr. Harless's pre-existing condition was aggravated by his compensable injury.

The Board of Review then reversed the Order of the Office of Judges. The Board of Review determined that the Order of the Office of Judges was clearly wrong and reinstated the claim administrator's denial. The Board of Review found that Dr. Tao requested authorization for a right knee arthroplasty in order to treat Mr. Harless's osteoarthritis. The Board of Review found that there was no indication that osteoarthritis had been held to be a compensable component of the claim. The Board of Review found that the claim had been held compensable for a sprain of the knee and the surgery was not related to that condition. The Board of Review, however, concluded that if osteoarthritis was subsequently added as a compensable condition a new request for surgery could be considered on the merits.

The decision of the Board of Review was based on a material mischaracterization of the evidentiary record. The evidence in the record is sufficient to establish that the requested surgery is medically related and reasonably required to treat Mr. Harless's compensable knee strain. The treatment records of Dr. Tao are sufficient to show that Mr. Harless had pre-existing knee problems which were asymptomatic up to the date of the compensable injury. The evidence

2

shows that Mr. Harless's pre-existing osteoarthritis was aggravated by the compensable injury. Dr. Tao's records establish a direct causal connection between Mr. Harless's compensable injury, his current symptoms, and the corresponding need for the surgery. The Office of Judges was within its discretion in relying on Dr. Tao's opinion, and the Board of Review did not provide sufficient justification for reversing the Office of Judges' decision.

For the foregoing reasons, we find that the decision of the Board of Review is based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is reversed and remanded with instruction to reinstate the January 25, 2012, Order of the Office of Judges.

Reversed and Remanded.

**ISSUED:  April 8, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II